# EXHIBIT C

IN THE WYOMING CIRCUIT COURT
FIFTH JUDICIAL DISTRICT, WASHAKIE COUNTY
PO BOX 927, WORLAND, WY 82401

FILED IN CIRCUIT COURT
WASHAKIE COUNTY WY
4/9/24
CLERK OF COURT
*[signature]* Miranda
DEPUTY

ROCKY MOUNTAIN RECOVERY SYSTEMS, INC.,
A Wyoming Corporation,

                *Plaintiff,*

-vs-

B[REDACTED] P[REDACTED]

                *Defendant.*

Civil Action No: CV-2024-0007

DEFAULT JUDGMENT
AGAINST B[REDACTED] P[REDACTED]

**THIS MATTER** having come before the Court upon Plaintiff's application for Default Judgment and the Court having reviewed the file and being otherwise fully advised on the premise, finds:

1. Plaintiff's complaint was for a sum certain or a sum that can be made certain by computation.
2. A default has been entered in this matter against B[REDACTED] P[REDACTED]
3. The Defendant(s), B[REDACTED] P[REDACTED] is liable for the following claim(s):

```
ORIGINAL                    |PRINCIPAL |  INTEREST |COLLECTION|INTEREST| BREACH   | PAYMENTS
CREDITOR                    |          |           |  FEE     | RATE   |  DATE    | RECEIVED
----------------------------+----------+-----------+----------+--------+----------+----------
BIG HORN FAMILY MEDICINE    | $305.69  |   $73.06  |  $106.99 |  18%   |01-05-22  |   $0.00
```

*[handwritten: EZ]* *[handwritten: Collection fee not allowed - penalty]*

4. **FEES:** The following fees and costs incurred are awardable to the plaintiff:

| FEE | AMOUNT | TOTAL FEES |
|---|---|---|
| Court Filing Fee | $ 70.00 | |
| Service of Process Fee | $ 50.00 | $450.75 |
| Attorney Fee | $ 330.75 | |

**NOW THEREFORE, IT IS HEREBY ORDERED, AJUDGED, AND DECREED** that Judgment is entered against B[REDACTED] P[REDACTED] for CLAIM and FEES in the amount of $~~936.49~~ *829.50* bearing interest at the rate of 18.00% per year plus future court and attorneys' fees as accrued by Plaintiff and allowed by law.

DATED this 8th day of APRIL, 20 24 BY THE CIRCUIT COURT

*[signature]*
_____
Judge/Magistrate

*[Seal: CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT, STATE OF WYOMING, WASHAKIE COUNTY]*

Copies to:
☐ *Plaintiff* (Wilkerson & Wilkerson, P.O. Box 688, Powell, Wyoming 82435)
☐ *Defendant* (B[REDACTED] P[REDACTED] [REDACTED] Worland, Wy 82401)

Plaintiff's File No.: 276712

EXHIBIT C                                                                            Page 1 of 8

In The Circuit Court of The 5 Judicial District
Washakie County, Wyoming

FILED IN CIRCUIT COURT
WASHAKIE COUNTY, WY
6/5/24
CLERK OF COURT
DEPUTY

Rocky Mountain Recovery Systems, Inc., )
           Plaintiff, )
            )
VS. ) Case Number: CV-2024-0000007
            )
B[REDACTED] P[REDACTED] )
           Defendant. )

## ORDER DENYING MOTION FOR RECONSIDERATION

The above-captioned matter came before the Court for a hearing upon Plaintiff's Motion for Reconsideration on May 23, 2024. Plaintiff was represented by Brett Allred of Wilkerson & Wilkerson, LLC. Defendant did not appear.

### Course of Proceedings

Plaintiff's Complaint and Summons, dated October 20, 2023, was served on Defendant on January 25, 2024. The Summons stated that Defendant was required to file a written answer with the Court within 35 days of the Complaint being filed with the Court, and advised her that the Complaint would be filed within 14 days of her being served. Plaintiff filed the Summons, the Complaint, and the Service Return on February 6, 2024. Defendant did not file an answer or any other responsive pleading.

Default Judgment was entered in favor of Plaintiff, a collection agency, and against Defendant, on April 8, 2024. The proposed form of the Judgment submitted by Plaintiff identified as sums owed by Defendant to include the principal sum of $305.69, prejudgment interest of $73.06, a "collection fee" of $106.99, the court filing fee of $70.00, a service of process fee of $50.00, and attorney fees in the amount of $330.75. Attorney fees were determined to be reasonable based upon the information contained in counsel's Verified Motion for Attorney Fees.

The Court entered judgment for all sums requested except for the "collection fee," briefly noting on the face of the order that this was not allowed as the Court considered it to be an unlawful penalty. The Court also ordered in the Default Judgment that post-judgment

interest would accrue at the contractual rate of 18% per annum, "plus future court and attorneys' fees as accrued by Plaintiff and allowed by law."

It should be noted that Plaintiff's submission of documents in support of its request for entry of default and judgment included a copy of a document generated by the original creditor, Big Horn Family Practice, wherein Defendant agreed to pay "a collection fee of thirty-five percent (35%) [of any] unpaid balance assigned for collection."

Plaintiff filed its Motion to Reconsider on April 22. 2024, asking the Court to reconsider its refusal to include the 35% collection fee as part of its Judgement. Attached as an exhibit to the Motion was a copy of an Account Service and Assignment Agreement by and between Plaintiff and the original creditor. Paragraph 8 of the Agreement states: RMRSI shall advance all court costs and attorney fees in case of litigation or post-judgment enforcement...RMRSI and/or RMRSI's attorney shall retain all court costs, service fees, interest accrued following assignment, and attorney fees collected." Paragraph 14 of the Agreement sets forth the manner in which Plaintiff would be paid by Big Horn Family Services for legal services provided to it in collecting sums owed on the account. Accordingly, Plaintiff would be paid a percentage of sums collected, based on various contingencies. Counsel demonstrated to the Court that he used the smallest percentage of attorney fee allowable under the Agreement, an amount equal to 35% of the principal amount assigned for collection, in calculating the "collection fee."

It is not clear how the attorney fees awarded in the default judgment ($330.75), as opposed to the contingent attorney fee to be paid upon collection, would be treated. Would Plaintiff be entitled to keep all of that, or only 35% of it?

Plaintiff argues that the "collection fee" is a valid liquidation damages provision of the parties' underlying agreement, and not a penalty. The Court took the matter under advisement.

## Discussion and Conclusions of Law

1. After the entry of a default, and before the entry of a default judgment, the Court must determine if the allegations establish a defendant's liability as a matter of law, as a defendant does not, by failure to answer a complaint, also admit conclusions of law. *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir., 2010)

2. Therefore, even without objection or input from the debtor-defendant, this Court is obligated to determine, as a matter of law, whether the "collection fee" is simply an enforceable liquidated damages provision or is an unenforceable penalty. This is a question of law for this Court to decide. *Walker v. Graham*, 706 P.2d 278, 280-81 (Wyo. 1985).

EXHIBIT C                                                                                           Page 3 of 8

3. In this case, in addition to judgment for an amount equal to the unpaid balance of the debt incurred, Plaintiff sought and obtained judgment for actual hourly attorney and paralegal fees reasonably incurred, for pre-judgment interest at the original contractual rate, for post-judgment interest to accrue at the original contractual rate, and costs of suit. The order also acknowledged Plaintiff's right to request ongoing attorney fees and costs, as incurred, upon application and approval by the Court. The Court did *not* allow the "collection fee" to be included as part of the damages.

4. The "collection fee" provision in the Big Horn Family Practice's contract is quite obviously intended to provide a mechanism for it to recover sums traditionally charged by collection agencies or attorneys for their services in collecting a debt. In this case, the "collection fee" is a percentage of what is collected on the assigned debt (35%). This was acknowledged by Plaintiff's counsel.

5. Plaintiff argues that the "collection fee" term of the contract is reasonable in that it would truly make the debtor "whole." It is the amount the service provider/original creditor/assignor would pay to Plaintiff as it is collected sums owed by Defendant. The Court notes that, in effect, it increases the principal sum owed by 35%.

6. The Wyoming Supreme Court discussed the distinction between an enforceable liquidated damages provision in a contract and an unenforceable penalty provision in *Walker v Graham*, 706 P.2d 278 (Wyo. 1985):

>   It is not important whether the parties themselves have chosen to call a provision one for liquidated damages or have styled it a penalty. [citation] It is virtually the unanimous rule in all jurisdictions that whether a provision is one for liquidated damages or a penalty is a question of law for the court. [citations]
>   A provision for liquidated damages is generally defined as follows:
> " ' * * * Generally speaking, it may be said that when the damages arising from the breach of the contract which the obligation is given to secure are uncertain in their nature and not readily susceptible of proof by the ordinary rules of evidence, and are not so disproportionate to the probable damages suffered as to appear unconscionable, and it is reasonably clear from the whole agreement that it is the intention of the parties to provide for liquidated damages and not a penalty, such a stipulation will be held to be one for liquidated damages.' " [citations]
>   In *Ray v. Electrical Products Consolidated,* Wyo., 390 P.2d 607, 608 (1964), we adopted that said in Restatement, Contracts, § 339, p. 552 (1932):
> " '(1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless
> " '(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and
> " '(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation.' "...

**EXHIBIT C**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 4 of 8**

>    While provisions for liquidated damages are valid and enforceable, courts avoid the enforcement of a provision for liquidated damages if it is actually in the nature of a penalty. [citation].
>
>    "If the stipulation in the contract is deemed to be one for a penalty, it is not enforceable, and no sum can be recovered or allowed other than that which will compensate for the actual loss sustained and proved." *22 Am.Jur.2d Damages* § 232, p. 319 (1965).

*Walker*, at 280-281.

7. In *Jessen v Jessen*, 810 P.2d 987 (Wyo. 1991), the Wyoming Supreme Court held that the "late fee" provision in a post-divorce support modification constituted a penalty, and not liquidated damages. In the opinion, the Court again analyzed the differences between lawful liquidated damages provisions and unlawful penalties:

>    However, if the liquidated damages bear no reasonable relationship to the amount of actual damages sustained by a breach, they will constitute an unenforceable penalty. [citations] ...
>
>    In *Marcam Mortg. Corp.*, 686 P.2d at 581 n. 3, this court cites the U.C.C. as evidence of the state's public policy on liquidated damages clauses as unenforceable penalties:
>    Wyoming public policy in this respect is evidenced by § 34-21-297(a), W.S.1977 (Uniform Commercial Code):
>    "(a) Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonable large liquidated damages is void as a penalty."
>    *Jessen*, at 990-91.

8. This analysis is similar to the approach taken by a U.S Bankruptcy Court when it determined, under New Mexico law, that a "late fee" equal to 5% of the amount owed under a delinquent balloon payment provision in a mortgage contract, was a penalty, and not liquidated damages. *In re Market Center East Retail Property, Inc.*, 433 B.R. 335 (D. N.M., 2010).

9. That Court quoted extensively from a standard treatise on contract law:

    Under the fundamental principle of freedom of contract, the parties to a contract have a broad right to stipulate in their agreement the amount of damages recoverable in the event of a breach, and the courts will generally enforce such an agreement, so long as the amount agreed upon is not unconscionable, is not determined to be an illegal penalty, and is not otherwise violative of public policy.

    It is generally agreed that a liquidated damages provision does not violate public policy when, at the time the parties enter into the contract containing the clause, the circumstances are such

**EXHIBIT C**                                                                                                     **Page 5 of 8**

that the actual damages likely to flow from a subsequent breach would be difficult for the parties to estimate or for the nonbreaching party to prove, and the sum agreed upon is designed merely to compensate the nonbreacher for the other party's failure to perform. On the other hand, a liquidated damages provision will be held to violate public policy, and hence will not be enforced, when it is intended to punish, or has the effect of punishing, a party for breaching the contract, or when there is a large disparity between the amount payable under the provision and the actual damages likely to be caused by a breach, so that it in effect seeks to coerce performance of the underlying agreement by penalizing non-performance and making a breach prohibitively and unreasonably costly. In such cases the clause, rather than establishing damages that approximate or are proportional to the harm likely to flow from a particular breach, actually constitutes a penalty, and, since penal clauses are generally unenforceable, provisions having this effect are declared invalid; and this is generally true even where the provision is negotiated in good faith, at arms' length and between parties of equal bargaining power.

These rules are designed to allow the parties the greatest freedom of contract while at the same time preventing them from overstepping that freedom by including illegitimate penal provisions. As the drafters of the Restatement (Second) of Contracts point out, and as the cases make clear, "[t]he central objective behind the system of contract remedies is compensatory, not punitive. Punishment of a promisor for having broken his promise has no justification on either economic or other grounds and a term providing such a penalty is unenforceable on grounds of public policy."

Thus, because the purpose of contract remedies is to provide compensation for the harm caused by a breach, and because a liquidated damages clause is designed to substitute a sum agreed upon by the parties for any actual damages suffered as a result of a breach, it, too, must be calculated to compensate, rather than to punish a breach. As a result, the law of most jurisdictions requires that a liquidated damages provision, in order to be enforceable, constitute the parties' best "estimate of potential damages in the event of a contractual breach where damages are likely to be uncertain and not easily proven." Moreover, since a valid liquidated damages clause is intended to substitute the sum agreed upon for any actual damages that may be suffered as a result of a breach, one "purpose of a liquidated damages provision is to obviate the need for the nonbreaching party to prove actual damages." Thus, where the liquidated damages clause represents a reasonable attempt by the parties to agree in advance upon a sum that will compensate the nonbreacher for any harm caused by the breach, in lieu of the compensatory contract damages to which the nonbreacher would otherwise be entitled, the clause will be upheld. By parity of reasoning, because the goal of contract remedies is compensation, not punishment, if the purpose or effect of a provision stipulating damages is to punish the nonperformance of a party's obligations under the agreement, or to coerce or secure performance of the agreement through the assessment of an unreasonable sum payable upon nonperformance, the provision will be not be upheld.

*Market Center East*, at 359-360, quoting Richard A. Lord, 24 Williston on Contracts § 65:1 (4th ed.) (footnotes omitted in text).

10. The Bankruptcy Court, after further discussion of these general principles, then determined that under New Mexico state law that to determine whether the contract

EXHIBIT C                                                                                                                                          Page 6 of 8

provision in question was an enforceable liquidated damages provision or an unenforceable penalty, the inquiry is as follows: 1) was the anticipated injury difficult or incapable of accurate estimation at the time the contract was made? 2) are the stipulated damages extravagant or disproportionate to the injury anticipated from a breach at the time the contract was made? and 3) were the agreed upon stipulated damages designed to punish, or have the effect of punishing, a party for breaching the contract or merely to compensate the non-breacher for the other party's failure to perform? *Market Center East*, at 362-363.

11. The Bankruptcy Court concluded that in all these respects the provision resembled a penalty. It held that the anticipated injury resulting from a breach of the contract was not difficult to calculate or incapable of accurate estimation, that the stipulated damages were both extravagant and disproportionate to the injury anticipated from a failure to pay the balloon payment when due, and that it had the effect of punishing the debtor for breaching the contract. Thus, it concluded that the provision was an unenforceable penalty. *Id.*, at 363-367.

12. The Court would also note that the matter of attorney fees is also addressed in the Wyoming Collection Agency Board Rules:

**Section 3.   Litigation and Fees.** No licensee [such as Plaintiff] shall collect or sue, either as an assignee or as agent for any creditor, for more than the actual amount due or claimed to be due on any claim or claims, plus legal interest and court costs; provided, when suit is brought upon a note or notes providing for an attorney fee, such attorney fee may be added if the licensee is represented by a duly licensed attorney, in which case the attorney fee shall be paid to such attorney and no part thereof shall be retained by the licensee.
Wyo. Collection Agency Board Rules, ref. no. 031.0001.3.06262000.

Without deciding whether the agreement between Big Horn Family Practice and Defendant can be considered a "note," for purposes of deciding this dispute, the Rule, at most, simply states that attorney fees, presumably of the reasonable sort, may be collected.

13. Here, the harm caused by Defendant's breach of the contract is not "incapable or very difficult of accurate estimation." It is ascertained by a simple calculation of what portion of the professional fee for services was not paid. This is what might be characterized as the actual damages in this case.

14. Additionally, Plaintiff has sought and recovered pre-judgment interest at the agreed-upon rate and is entitled to recover ongoing post-judgment interest at the statutory rate. Interest, and the expense of court costs and service fees, are easily determined.

EXHIBIT C                                                                                                                    Page 7 of 8

15. Furthermore, reasonable attorney's fees have already been awarded. Plaintiff may request additional attorney fees, and post-judgment fees and costs, incurred in collecting the judgment. Attorney fees are generally considered under the lodestar test (" [to determine]  the reasonableness of the fees requested, our trial courts are to follow the federal lodestar test, which requires a determination of "(1) whether the fee charged represents the product of reasonable hours times a reasonable rate; and (2) whether other factors of discretionary application should be considered to adjust the fee either upward or downward." *Shepard v Beck,* 2007 WY 53, ¶ 17, 154 P.3d 982, 989 (Wyo. 2007)).

16.   This was the standard applied when counsel sought an award of attorney fees with the entry of default upon consideration of counsel's Verified Motion for Attorney Fees. This appears to be fairest and a non-arbitrary way to determine reasonable fees, instead of a declaration that it will be based upon a percentage of the principal sum owed. The Court concludes that this formula has resulted in a claim for fees that is disproportionate to the "injury" identified at the time agreement was signed at the medical office.

17. The Court cannot conclude that the attorney fees provision was designed to punish Defendant. It *was* intended to motivate Defendant to pay his bill. However, to allow an award of "actual" attorney fees, and a fee based upon the contingency of collecting on the judgement, would have the effect of punishing Defendant.

18. This Court concludes that the 35% "collection fee" in this case is an unenforceable penalty.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Reconsideration is DENIED.

DATED THIS 5th day of June, 2024.

Judge Edward G. Luhm

Copies to: Wilkerson & Wilkerson, LLC, PO Box 688, Powell, WY 82435 & email
[REDACTED] [REDACTED] [REDACTED] Worland, WY 82401

EXHIBIT C                                                                                         Page 8 of 8