**FILED**



*4:26 pm, 3/28/25*

**Margaret Botkins**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

ANTHONY WEBSTER,

    Plaintiff,

vs.

                                          Case No. 25-CV-17-ABJ

ROCKY MOUNTAIN RECOVERY SYSTEMS INC,

    Defendant.

## ORDER ON INITIAL PRETRIAL CONFERENCE

**Anticipated Length of Trial: 4 days**

**Jury: X     Non-Jury:_____**

1. Advice to counsel — **CONSENT TO TRIAL BY MAGISTRATE JUDGE.** The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(b), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

2. Is — **This is/is not** a complex case.

3. Have — **The parties have/have not** complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure. The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Fed. R. Civ. P. 26(a) and (e) and U.S.D.C.L.R. 26.1(c).

4. Have — **The parties have/have not** complied with the self-executing routine discovery exchange as required by U.S.D.C.L.R.26.1(b). The parties have a continuing duty to supplement or correct all discovery disclosures or responses in

1

accordance with Fed. R. Civ. P. 26(a) and U.S.D.C.L.R. 26.1.

5.  Advice to counsel  **RULE 26 DISCOVERY:** The parties are advised to be aware of obligations arising under Fed. R. Civ. P. 26, including but not limited to obligations concerning electronically stored information. The parties shall ensure that anticipated discovery is proportional to the needs of the case and shall consider all matters set forth in Rule 26(b) regarding the scope of discovery in general. The parties indicate that they have conferred with their respective clients regarding their obligations concerning electronically stored information.

6.  Have  **EXCHANGE OF NAMES OF INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION AND LISTS OF EXHIBITS** has been commenced and may be revised and supplemented as discovery continues.

7.  N/A  **LIMITED LIABILITY COMPANIES (LLC) AS PARTIES:** If parties include an LLC, identify what efforts have been made to identify all members of the LLC and their state of residence and whether that information has been disclosed to the opposing party. If not, explain why that has not occurred. That information shall be provided to the opposing party on or before this date.

8.  8/1/2025  **NEW PARTIES:** New parties shall be joined by this date. However, if such a request is made at a later date, all requests to join new parties will be referred to the **Magistrate Judge** for disposition.

9.  8/1/2025  **AMENDMENTS TO PLEADINGS:** Amendments to pleadings may be made without motion by this date. All requests to amend pleadings after this date will be referred to the **Magistrate Judge** for disposition.

10.  N/A  **DISPUTES REGARDING ARBITRATION:**

11.  10/17/2025  **EXPERT WITNESSES FOR PLAINTIFF** shall be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion. All designations of expert witnesses must fully comply with the provisions of Fed. R. Civ. P. 26, including but not limited to, Fed. R. Civ. P. 26(a)(2) and Local Rule 26.1(e) and must be completed by this date. Expert witness designations and reports should be filed and served.

Any expert report setting forth expert opinions must include any and all exhibits used to summarize or support the report, and counsel are reminded that this requirement includes demonstrative exhibits as well.

12.  12/5/2025  **EXPERT WITNESSES FOR DEFENDANT** shall be identified by a report listing the qualifications of each expert, each opinion the expert will present,

and the basis for each opinion. All designations of expert witnesses must fully comply with the provisions of Fed. R. Civ. P. 26, including but not limited to, Fed. R. Civ. P. 26(a)(2) and the provisions of Local Rule 26.1(e). Expert witness designations and reports should be filed and served.

Any expert report setting forth expert opinions must include any and all exhibits used to summarize or support the report, and counsel are reminded that this requirement includes demonstrative exhibits as well.

13. 1/30/2026 **ALL DISCOVERY, including fact discovery, and expert witness depositions** must be completed by this date. Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under Federal Rules of Civil Procedure to respond until after the deadline.

14. N/A **INDEPENDENT MEDICAL EXAMINATIONS: The provisions of Rule 35, "Physical and Mental Examinations," of the Federal Rules of Civil Procedure shall govern the conduct of independent medical examinations of a party whose mental or physical condition is in controversy. All steps required to accomplish an IME, examiner's reports and depositions, if appropriate must be completed no later than 6 weeks before trial.**

**Counsel are expected to work cooperatively with regard to scheduling IMEs, expert designations and depositions to ensure completion of these tasks no later than six weeks before trial is scheduled to commence.**

15. 2/27/2026 **DISPOSITIVE MOTIONS** to be filed no later than this date. Requests for oral argument or hearing must be filed at the same time dispositive motions are filed. No hearing will be held on any dispositive motion in the absence of a timely request for hearing and as further ordered by the Court by separate order. **Generally, however, all dispositive motions will be decided on the briefs without oral argument.**

16. 3/13/2026 **RESPONSES TO DISPOSITIVE MOTIONS** to be filed by this date or, if dispositive motions are filed earlier than the date set out in paragraph 11, above, within 14 calendar days after service of the dispositive motion. Requests for oral argument or hearing must be filed at the same time responses to dispositive motions are filed. No hearing will be held on any dispositive motion in the absence of a timely request for hearing and as further ordered by the Court by separate order. **Generally, however, all dispositive motions will be decided on the briefs without oral argument.**

17. 3/20/2026 **REPLIES TO DISPOSITIVE MOTIONS** may only be filed if no oral

3

argument or hearing has been set upon request and must be filed within 7 calendar days after service of any response brief, or no later than this date. No oral argument will be held if a reply is filed.

18.  2/27/2026  **ALL OTHER PRETRIAL MOTIONS** (including *Daubert/Kumho* motions and motions pursuant to Fed. R. Evid. 702, but **not** including other motions in limine) will be filed by this date. *Daubert/Kumho* motions, motions to strike experts and motions pursuant to Fed. R. Evid. 702, should not be filed and disguised as motions in limine and must be filed by this date.

19.  3/13/2026  **RESPONSES TO ALL OTHER PRETRIAL MOTIONS** (including *Daubert/Kumho* motions, motions to strike experts and motions pursuant to Fed. R. Evid. 702, but **not** including other motions in limine) will be filed by this date.

20.  3/20/2026  **REPLIES TO ALL OTHER PRETRIAL MOTIONS** (including *Daubert/Kumho* motions, motions to strike experts and motions pursuant to Fed. R. Evid. 702, but **not** including other motions in limine) will be filed by this date.

21.  4/24/2026  **JOINT FINAL PRETRIAL MEMORANDUM** shall be filed on or before this date. Plaintiff is responsible for timely filing the complete Joint Final Pretrial Memorandum in the form set forth in Appendix C to the Court Procedures for Judge Alan B. Johnson. In addition to filing the Joint Final Pretrial Memorandum, it must also be sent as an attachment via email directly to Judge Johnson's Chambers, wyojudgeabj@wyd.uscourts.gov, formatted for Microsoft Word.

22.  4/24/2026  **MOTIONS IN LIMINE** shall be filed by this date.

23.  5/8/2026  **RESPONSES IN OPPOSITION TO MOTIONS IN LIMINE** shall be filed 14 calendar days after the motion in limine is filed or no later than this date.

24.  5/15/2026  **REPLIES TO RESPONSES IN OPPOSITION TO MOTIONS IN LIMINE** shall be filed 7 calendar days after the response to the motion in limine is filed or no later than this date.

25.  6/5/2026  **FINAL PRETRIAL CONFERENCE** shall be held on this date at 9:30 a.m. in Cheyenne, Wyoming. One hour will be allotted for the final pretrial conference. The parties shall exchange exhibits and witness lists prior to the date set for the Final Pretrial Conference.

26.  7/13/2026  **JURY TRIAL** shall be held on this date in Cheyenne, Wyoming, commencing

at 1:30 p.m.

27.  7/6/2026  **For a JURY TRIAL, the parties SHALL** exchange and file proposed voir dire questions, jury instructions and special verdict forms no later than this date, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated. Proposed jury instructions, verdict forms and voir dire shall be submitted in writing and filed, as usual, **and** sent as an attachment via email directly to Judge Johnson's Chambers, wyojudgeabj@wyd.uscourts.gov, formatted for Microsoft Word. Each party may also submit a separate **concise** statement of their contentions, which shall be no more than one and one-half pages in length. Requests for instructions are to include one set with authority and one additional set ready for submission to the jury; no signature block on the bottom of each instruction is necessary. Stock instructions need not be provided. However, if the parties desire instructions that differ from the stock instructions, they may provide them with their proposed substantive instructions.

28.  7/8/2026  **JURY EVIDENCE RECORDING SYSTEM (JERS):** The Court has a system for electronic submission of exhibits to the jury. The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. **Attorneys should provide their trial exhibits in electronic format** on a USB drive, DVD, or CD to the Office of the Clerk of Court on or before this date. Attorneys are required to provide their exhibits in the following electronic formats:
$     Documents and Photographs: .pdf, .jpg, .bmp, .tif, .gif
$     Video and Audio Recording: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav
Regarding the size of electronic evidence, individual files should not exceed 500MB. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files.

Information regarding JERS is available on the Court's website at https://www.wyd.uscourts.gov/attorneys. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office at (307) 433-2120.

29.  Advice to counsel  **MEDIATION/ADR:**

Mandatory Dispute Resolution. In addition to stipulated agreement, the Court may schedule a settlement conference whenever the Court concludes that the nature of the case, the amount in controversy, or the status of the case indicates a settlement conference might be beneficial. Upon the request of any party, which may be made ex parte and at any stage of the proceedings, the Court will consider scheduling a settlement conference.

5

DEADLINES WILL NOT BE CHANGED, ABSENT COMPELLING OR EXTRAORDINARY CIRCUMSTANCES. THE PARTIES SHOULD INFORM THEMSELVES OF ALL OTHER DEADLINES THAT ARE APPLIED BY THE COURT, REFLECTED IN THE COURT PROCEDURES FOR HONORABLE ALAN B. JOHNSON, AND THE APPENDICES IN THE COURT PROCEDURES, INCLUDING THE JOINT FINAL PRETRIAL MEMORANDUM AND FINAL PRETRIAL ORDER.

Dated this 28th day of March 2025.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE

6