# EXHIBIT G

THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT
NATRONA COUNTY

FILED
APR 29 2024
CIRCUIT COURT OF SEVENTH JUDICIAL DISTRICT, NATRONA COUNTY
By: L Kittinger
CLERK

ROCKY MOUNTAIN RECOVERY, INC., )
A Wyoming Corporation, )
Plaintiff, )
)
vs. ) CV- 2023-3127
)
)
S[REDACTED] L[REDACTED] )
)
Defendant. )

**ORDER FINDING COLLECTION FEE UNCONSCIONABLE PURSUANT TO WYOMING STATUTE § 40-14-508 AND UNEFORCEABLE AS A PENALTY.**

***BASIC FACTS*:**

Defendant entered into an agreement with Wyoming Surgical Center to pay for medical services. The agreement stated in relevant part as follows:

> "I understand and agree that if my insurance benefits do not cover all of the charges for my treatment, including what my insurance company classifies as over reasonable and customary charges, that I am responsible to pay any outstanding balances. I further agree that in the event of non-payment to Wyoming Surgical Associates, PC of any amounts due under under this agreement I will pay interest thereon at the rate of 1.75% per month and pay all Wyoming Surgical Associates, PC reasonable legal fees, attorney fees and court costs that may may be incurred. I agree that in the event this agreement is assigned to a collection agency for collection I promise to pay a collection fee of 35% of the unpaid balance due which is in addition to the unpaid balance due under this agreement."

Exhibit 1 attached to Plaintiff's motion for Reconsideration.

The Services were performed as agreed upon, and Defendant failed to pay for the services. Once payment was not made the service provider assigned its claim to Rocky Mountain Recovery,

Inc. who filed this lawsuit to recover. The complaint was properly served and no answer was filed by defendant. Plaintiff filed for a default judgement and the Circuit Court Judge granted in part. The Circuit Court granted the principal amount of $2,303.15, interest at 21% which came to $1062.60 as well as an attorney fee of $300.00 as requested by Plaintiff. The Circuit Court denied the request for the $806.10 collection fee while making the following finding and giving the following notice:

"Found unconscionable, plaintiff may request hearing § 40-14-508."

Plaintiff then filed a motion for reconsideration of that finding of unconscionable and a request for hearing on March 20th, 2024. Plaintiff also filed a memorandum in support of request for reconsideration along with Plaintiff's motion for reconsideration. Plaintiff asserted that the collection fee is enforceable was a valid liquidated damages clause and the Circuit Court lacked the discretion to deny it. The Court granted the request for the hearing and the matter was heard on April 22nd, 2024. Plaintiff's attorney appeared at the hearing via phone and Defendant did not appear.

***APPLICABLE LAW***

WYOMING STATUTE § 40-14-508 provides as follows:

"(a) With respect to a consumer credit sale, consumer lease, or consumer loan, if the court as a matter of law finds the agreement or any clause of the agreement to have been unconscionable at the time it was made the court may refuse to enforce the agreement, or it may enforce the remainder of the agreement without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(b) If it is claimed or appears to the court that the agreement or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to

> present evidence as to its setting, purpose, and effect to aid the court in making the determination.
>
> (c) For the purpose of this section, a charge or practice expressly permitted by this act is not in itself unconscionable."

While there is some question as to whether or not this debt falls within the definition of a consumer loan or consumer credit contract, the Wyoming Supreme Court has adopted unconscionability in other contracts as well. The applicable test is as follows:

> "In deciding whether a contract is unconscionable, we consider the claim from two perspectives. First, we consider whether the contract provisions unreasonably favor one party over the other. Second, we consider whether the latter party lacked a meaningful choice in entering into the contract. The first perspective concerns the contract's substantive unconscionability. The second concerns its procedural unconscionability. *124 As noted in *Roussalis,* 4 P.3d at 246 most courts require evidence of both and take a balancing approach in applying them. In other words, both the absence of meaningful choice and the presence of contract provisions unreasonably favorable to one party must be found in order to sustain a claim that a contract is unconscionable."

*Long v. Long,* 413 P.3d 117 (Wyo. 2018) citing *Pittard v. Great Lakes Aviation,* 156 P.3d 964, 974 (Wyo. 2007).

As to Plaintiff's claim that the collection fees are enforceable liquidated damages, the Wyoming Supreme Court has held that liquidated damages are enforceable if they pass a three part test which they described as follows:

> "A contractual provision requiring payment of a stipulated sum by one of the parties upon termination or cancellation of the contract will be treated as an enforceable liquidated damages provision rather than an unenforceable penalty only if all three of the following factors are present:
>
> First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than a penalty; and third, the stipulated sum must be a reasonable pre-estimate of the probable loss resulting from such a breach."

*Skyco Resources, LLP v. Family Tree Corporation,* 512 P.3d 11, 23-24 (Wyo. 2022).

***ANALYSIS-UNCONSCIONABILITY***

The Court finds the collection fee unconscionable. The first matter to address is substantive unconscionability. The twenty-one percent interest fee is substantially higher than normal for a medical debt, nevertheless the court awarded it. The contract awards attorney fees which the Court allowed as those provisions are intended to offset the costs of collection and are appropriate under the caselaw. Adding a thirty-five percent collection fee to a twenty-one percent interest rate and an attorney fee provision causes this contract to unreasonably favor the plaintiff.

As to the procedural unconscionability the Wyoming Supreme Court has listed some factors for the Court to consider which are:

> "Deprivation of meaningful choice as to whether to enter into the contract, compulsion to accept terms, opportunity for meaningful negotiation, such gross inequality of bargaining power that negotiations were not possible, characteristics of alleged aggrieved party (underprivileged, uneducated, illiterate, easily taken advantage of), and surprise by the fine print or concealed terms)."

*Long* at 124(citing *Pittard,* ¶ 35, 156 P.3d at 974).

In considering the above factors the debtor is not a meaningful choice in this contract because it is for a medical necessity. These form contracts must be signed by the patient to obtain the needed medical care and there is no opportunity for negotiation. After having considered the factors the court finds the contract to be procedurally unconscionable.

Having found the fees both procedurally unconscionable and substantively unconscionable, the court will deny the request to award the collection fees on those grounds.

### *ANALYSIS-LIQUIDATED DAMAGES*

In addition to finding the collection fees unconscionable the Court also finds these damages are not enforceable as liquidated damages. The collection fees fail the first part of the three part test in that the damages for the breach of this contract are very easy to calculate.

"The measure of damages for breach of a promise to pay a debt or a tax owed by the promissee personally or charged upon his property is the amount of such debt or tax with interest." 22 Am Jur 2nd *Damages* § 88.

Unlike a real estate or employment matter where liquidated damages are appropriate as the damages in those cases are difficult to predict, this is a simple contract for medical services. The damages for breach by the consumer are the reasonable value of the medical services plus interest, and that is what goes in the judgement. The cost associated with collecting on the judgement are present in every civil case where damages are awarded. The collection costs are a separate matter and are not appropriate as a measure of liquidated damages and instead operate as a penalty.

Plaintiff argues that the collection fees vary based on when the last payment was made, therefore they are difficult to predict. While that may be true that does not mean that they are legally considered actual damages for breach of contract. The law already allows a party to offset the costs associated with collection by contracting for an award of attorney's fees to the prevailing party, and those have been awarded in this case.

For the above reasons the court finds that the collection fees are not appropriate as liquidated damages and instead operate as a penalty.

***CONCLUSION***

The Court finds that the collection fee in this case is unenforceable for two separate and distinct reasons. The first reason is that the collection fee is unconscionable. The second reason is that they operate as a penalty and are not proper liquidated damages under the law.

THEREFORE after having reconsidered the award of the collection fees at the plaintiff's request the Court will stand by the original ruling that the collection fees will not be awarded and the request to do so shall be and hereby is DENIED.

Dated this 29th day of April, 2024.

CIRCUIT COURT OF THE 7TH JUDICIAL DISTRICT STATE OF WYOMING NATRONA COUNTY

Circuit Court Judge

Copies to:

| | | | |
|---|---|---|---|
| Pltf/ DA | ___ mail | ___ personally | ___ box |
| Pltf/Atty | X mail | ___ personally | ___ box |
| Def(s) | X mail | ___ personally | ___ box |
| Def Atty | ___ mail | ___ personally | ___ box |
| Juv / P&P | ___ mail | ___ personally | ___ box |

Other___

Date 4/29/24 Clerk ___



EXHIBIT G

FILED
29 2024
OF SEVENTH JUDICIAL
ONA COUNTY
CLERK



**History:**
Laws 1971, ch. 191, § 5-107; W.S. 1957, § 40-5-107.

**Cross references.** — As to blackmail, 402.

## § 40-14-508. Unconscionability.

(a) With respect to a consumer credit sale, consumer lease, or consumer loan, if the co matter of law finds the agreement or any clause of the agreement to have been unconscio the time it was made the court may refuse to enforce the agreement, or it may enf remainder of the agreement without the unconscionable clause, or it may so limit the ap of any unconscionable clause as to avoid any unconscionable result.

(b) If it is claimed or appears to the court that the agreement or any clause thereof unconscionable the parties shall be afforded a reasonable opportunity to present evidence setting, purpose, and effect to aid the court in making the determination.

(c) For the purpose of this section, a charge or practice expressly permitted by this act i itself unconscionable.

**History:**
Laws 1971, ch. 191, § 5-108; W.S. 1957, § 40-5-108.

**Meaning of "this act."** — For the definition of "this act," referred to in this section, see § 40-14-140(a)(xxv).

**Am. Jur. 2d, ALR and C.J.S. references** constitutes "fraudulent" or "unconscionable ment or conduct within meaning of state co credit protection act, 42 ALR4th 293.

### *Part 2. Debtors' Remedies*

## § 40-14-520. Interests in land.

(a) For purposes of the provisions of this part on civil liability for violation of disc provisions (W.S. 40-14-522) and on a debtor's right to rescind certain transactions as othe provided by law:

(i) Consumer credit sale includes a sale of an interest in land without regard to the rate credit service charge if the sale is otherwise a consumer credit sale (W.S. 40-14-204); and

(ii) Consumer loan includes a loan primarily secured by an interest in land, as defined in 40-14-304(c).

**History:**
Laws 1971, ch. 191, § 5-201; W.S. 1957, § 40-5-201; 2021 ch. 14, § 2, effective July 1, 2021.

**The 2021 amendment,** effective July 1, 2021, in (a), substituted "as otherwise provided by law" for "(W.S. 40-14-523)" and made a stylistic change; and substituted ", as defined in W.S. 40-14-304( "without regard to the rate of the loan finance if the loan is otherwise a consumer loan (W.S. 40 305)" in (a)(ii).

**Editor's notes.** — There is no subsection (b) in section as it appears in the printed acts.

## § 40-14-521. Effect of violations on rights of parties.

(a) If a creditor has violated the provisions of this act applying to certain negotiable instrum (W.S. 40-14-237), the debtor is not obligated to pay the credit service charge or loan finance cha and has a right to recover from the person violating this act or from an assignee of that pers rights who undertakes direct collection of payments or enforcement of rights arising from the a penalty in an amount determined by the court not in excess of three (3) times the amount of credit service charge or loan finance charge. No action pursuant to this subsection may be brou more than one (1) year after the due date of the last scheduled payment of the agreement respect to which the violation occurred.

(b) If a creditor has violated the provisions of this act applying to licensure to make consu loans (W.S. 40-14-302), the loan is void and the debtor is not obligated to pay either the princ or loan finance charge. If he has paid any part of the principal or of the loan finance charge, he a right to recover the payment from the person violating this act or from an assignee of that perso rights who undertakes direct collection of payments or enforcement of rights arising from the de With respect to violations arising from other loans, no action pursuant to this subsection may brought more than one (1) year after the due date of the last scheduled payment of the agreem pursuant to which the charge was paid.