**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| ANTHONY WEBSTER, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., WILKERSON & WILKERSON LLC d/b/a WILKERSON LAW GROUP, DANIEL B. WILKERSON, and WYOMING HEALTH FAIRS,<br><br>　　　　　　　　　　　　　Defendants. | No. 2:25-CV-17-ABJ<br><br>**DECLARATION OF PLAINTIFF ANTHONY WEBSTER IN OPPOSITION TO COLLECTOR DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Anthony Webster, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

　　　1.　　I am the Plaintiff in this Action. I am over 18 years of age and otherwise competent to make this declaration. I make this declaration in opposition to the partial motion to dismiss filed by Daniel B. Wilkerson, Rocky Mountain Recovery Systems, Inc., and Wilkerson & Wilkerson, LLC d/b/a Wilkerson Law Group (collectively the "Collector Defendants").

　　　2.　　Attached hereto as **EXHIBIT A** is a true and correct copy of a document titled "Experience in the Collection Industry" that I obtained via a public records request to the Wyoming Collection Agency Board, as part of Daniel B. Wilkerson's application to become a "resident manager." Mr. Wilkerson's address has been redacted.

　　　3.　　Attached hereto as **EXHIBIT B** is a true and correct copy of a document titled "Statement of Resident Manager" that I obtained via a public records request to the Wyoming Collection Agency Board, as part of Daniel B. Wilkerson's application to become a "resident manager." Some fields have been redacted.

4. Attached hereto as **EXHIBIT C** is a true and correct copy of a document I obtained via a public records request to the Wyoming Collection Agency Board, as part of Rocky Mountain Recovery Systems, Inc.'s file. Mr. Wilkerson's home address has been redacted.

5. Attached hereto as **EXHIBIT D** is a true and correct copy of a document titled "Renewal Collection Agency License Application" that I obtained via a public records request to the Wyoming Collection Agency Board, as part of Rocky Mountain Recovery Systems, Inc.'s file. Some fields are redacted.

6. Attached hereto as **EXHIBIT E** is a true and correct copy of an excerpt of Rocky Mountain Recovery Systems, Inc.'s Answers to Plaintiff's First Set of Interrogatories in this case.

7. Attached hereto as **EXHIBIT F** is a true and correct copy of an excerpt from the classifieds of the *Powell Tribune* newspaper of Powell, Wyoming, from the June 25, 2020 edition.

8. Attached hereto as **EXHIBIT G** is a true and correct copy of a document attached as an exhibit to the filing titled Exhibits for Declaration of Matthew M. Loker in Support of Plaintiff Melissa S. Sanchez's Motion to Compel Supplemental Responses by Defendant Rocky Mountain Recovery Systems Inc. to Plaintiff's Requests for Production in *Sanchez v. Rocky Mountain Recovery Systems Inc., et al.*, Case No. 16CV03322, filed in the Superior Court of California, County of Santa Barbara, Cook Division – Unlimited Jurisdiction, on December 19, 2016. Some information is redacted.

9. Attached hereto as **EXHIBIT H** is a true and correct copy of the transcript of a July 23, 2015 preliminary injunction hearing as I obtained from the District Court of the Fourth Judicial District in and for the County of Ada, Idaho, in *Abernathy v. Wilkerson & Bremer, P.C., et al.*, Case No. CVOC-1506385. An address has been redacted.

10. Attached hereto as **EXHIBIT I** is a true and correct copy of Wyoming Attorney

General Formal Opinion No. 99-010, as I retrieved it from the Wyoming Collection Agency Board's website. It is also available at 1999 WL 964253, 1999 Wyo. AG LEXIS 51.

11.  I have spoken to the Wyoming Collection Agency Board on numerous dates, including November 7, 2025. They confirmed that Rocky Mountain Recovery Systems, Inc.'s debt collection license was terminated in January 2025, and that as of November 7, 2025, Rocky Mountain Recovery Systems, Inc. continues to not hold a license. I was also advised that Rocky Mountain Recovery Systems, Inc. had applied for a license earlier this year, but that application is not pending. On advice from the Wyoming Attorney General's Office, they did not feel they could disclose whether the license was denied, but the matter was pulled from the calendar, a "request for hearing" was made, and a contested case hearing on an agency decision is scheduled at the Office of Administrative Hearings in April 2026. I called the Office of Administrative Hearings, but they declined to give me any information about the hearing. The Collection Agency Board told me that Wilkerson & Wilkerson, LLC has never been licensed. Separately, I reviewed the most recent active licensee list from October 2025, and neither Rocky Mountain Recovery Systems, Inc. nor Wilkerson & Wilkerson, LLC d/b/a Wilkerson Law Group were on the list.

12.  Based on a review of court filings, Rocky Mountain Recovery Systems, Inc. is continuing to attempt to collect debts, the Collector Defendants are continuing to demand 35% collection fees from Wyoming consumers, and Daniel B. Wilkerson is continuing to sign state court complaints stating that Rocky Mountain Recovery Systems, Inc. is licensed with the Wyoming Collection Agency Board.

13.  By way of example:

14.  <u>September 29, 2025</u>: Attached hereto as **EXHIBIT J** is a true and correct copy of a Memorandum of Law in Support of Motion for Summary Judgment in *Rocky Mountain Recovery*

*Systems, Inc. v. L. & M.*, docketed in the Converse County Circuit Court, Douglas, Wyoming, as Civil Action No. CV-2025-0187. I have redacted the defendants' names.

15. <u>October 14, 2025</u>: Attached hereto as **EXHIBIT K** is a true and correct copy of a complaint docketed in the Park County Circuit Court, in the matter of *Rocky Mountain Recovery Systems, Inc. v. S.S.*, Case No. CV-2025-435 (Cody, Wyoming). The original creditor appears to be an optometrist in Powell, Wyoming. I have redacted the defendant's name.

16. <u>October 20, 2025</u>: Attached hereto as **EXHIBIT L** is a true and correct copy of a complaint docketed in the Fremont County Circuit Court, in the matter of *Rocky Mountain Recovery Systems, Inc. v. D.P.*, Case No. CV-2025-0489 (Riverton, Wyoming). The original creditor is stated to be S48WY1, LLC; that is a trade name for Wyoming Recovery in Casper, Wyoming. I have redacted the defendant's name.

17. <u>July 3, 2025</u>: Attached hereto as **EXHIBIT M** is a true and correct copy of a document titled Plaintiff's Affidavit in Support of Entry of Default Judgment, docketed in the Carbon County Circuit Court, in the matter of *Rocky Mountain Recovery Systems, Inc. v. M.G.*, Case No. CV-2025-0114 (Rawlins, Wyoming), except I have not included medical record exhibits from multiple medical providers (family medicine, counseling, surgical, medical imaging) in Rawlins and Casper, Wyoming. A 35% collection fee appears to have been added on some, but not all, of the medical bills. I have redacted the defendant's name.

18. <u>April 1, 2025</u>: Attached hereto as **EXHIBIT N** is a true and correct copy of a document filed in Natrona County Circuit Court, in the matter of *Rocky Mountain Recovery Systems, Inc. v. G.E.*, Case No. CV-2025-0746 (Casper, Wyoming). I have redacted the defendant's name.

19. <u>October 1, 2025</u>: Attached hereto as **EXHIBIT O** is a true and correct copy of

4

Plaintiff's Affidavit for Attorney Fees docketed in Laramie County Circuit Court, in the matter of *Rocky Mountain Recovery Systems, Inc. v. C.N.*, Case No. CV-2025-2653 (Cheyenne, Wyoming). I have redacted the defendant's name.

20. Based on my review of court records, both Rocky Mountain Recovery Systems, Inc. and Wilkerson & Wilkerson, LLC have continued to send debt collection letters outside of and prior to litigation in 2025.

21. Rocky Mountain Recovery Systems, Inc., with Daniel B. Wilkerson's signature above the text stating "Daniel B. Wilkerson, Plaintiff/Officer," has filed liens against real property in Wyoming in 2025. By way of example, they did so approximately 13 times in Natrona County, Wyoming, in October 2025, according to recorded documents I reviewed.

22. According to Montana state court records, Rocky Mountain Recovery Systems, Inc. has filed lawsuits in Montana on various dates in 2025. Counsel of record has been Daniel Wilkerson.

23. As a Wyoming resident, I am nervous about seeking routine or emergency medical care in the future, because I am afraid that I will be forced to sign or agree to language that the Collector Defendants crafted and provided to medical clinics or hospitals, which I fear could contain unlawful terms relating to debt collection, collection fees, interest, attorney's fees, or costs. I am especially nervous because Rocky Mountain Recovery Systems, Inc. has relationships with so many medical clinics covering so much of Wyoming, as I have observed in a review of court filings where Wilkerson & Wilkerson and Daniel B. Wilkerson were counsel.

24. I live in Laramie, Wyoming. It is a small city and has a rural character. There is not a large selection of medical providers here, similar to many other parts of the state.

25. In some Wyoming communities, Wilkerson & Wilkerson, Daniel B. Wilkerson,

5

and Rocky Mountain Recovery Systems, Inc. collect for the only emergency room in the area. In other communities, they collect for many providers, sometimes even covering entire specialties. I took a mountain biking, hiking, and camping road trip this summer to several of these regions, and I intend to again in the future, but I am afraid that if I get injured or otherwise need medical care (which is not unheard of on a trip of that kind), I may be subjected to the Collector Defendants' practices again.

26. This summer I also took a mountain biking, hiking, and camping road trip to Idaho and Montana, and I intend to do so in the future. These are states where either Rocky Mountain Recovery Systems, Inc. or Daniel B. Wilkerson's other debt collection companies operate. I have the same worries in connection with visiting these states.

27. In my review of court records, I discovered that Rocky Mountain Recovery Systems, Inc., while represented by Wilkerson & Wilkerson, sued another patient of a dental clinic near my home, where I previously received care. I have deferred seeking medical care because I am nervous about being forced to sign language as a condition of receiving medical care, when that language may have been supplied by the Collector Defendants and may reflect or contain unlawful collection practices, fees, interest, or costs.

28. I am nervous about surprise medical bills or insurance delays leading to me receiving the Collector Defendants' demands for 35% or more in collection fees, 21% or more in interest, interest-on-interest, fees-on-interest, attorney's fees, costs, adverse credit reporting, being sued, having my bank accounts inside or outside of Wyoming garnished, having the Sheriff take my property in Wyoming, having a lien placed on real property I own outside of Wyoming, and/or having my privacy (including medical privacy) violated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  11 November 2025                    By:  /s/ Anthony Webster
        at Laramie, Wyoming                               Anthony Webster