**ERIN E BERRY, #7-6063**
**JACOB L. VOGT, #8-6891**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
eberry@hirstapplegate.com
jvogt@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ANTHONY WEBSTER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKY MOUNTAIN RECOVERY SYSTEMS, INC.,<br><br>Defendant. | Civil No. 25-CV-017J |

# *DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES*

Defendant Rocky Mountain Recovery Systems Inc. responds to *Plaintiff's First Set of Interrogatories to Defendant* as follows:

**INTERROGATORY NO. 1:** Identify every basis, if any, for your demand(s) that Plaintiff pay any amounts of money relating to the Alleged Debt.

**ANSWER:** OBJECTION: RMRSI objects the request is overbroad to the extent it requests RMRSI "identify every basis" RMRSI has to demand Plaintiff pay the debt owed. Without waiving said objections, RMRSI states Plaintiff was indebted to Wyoming Health Fairs for services rendered in the amount of $239 which he refused to pay beginning on April 29, 2024.

allegations a putative class with thousands of putative class members significantly overburdens a defendant in discovery). This request further would require RMRSI to review the contracts of each and every client that has requested RMRSI's services to determine what collection fee those clients have inserted into their contracts with customers. Without waiving the objections, and to the extent a response is required, RMRSI sent three total letters to Plaintiff regarding his debt owed to Wyoming Health Fairs and showing or including a 35% collection fee.

**INTERROGATORY NO. 6:** Identify all persons who have any knowledge or involvement relating to the Alleged Debt or collection thereof, and state their knowledge or involvement.

**ANSWER:** OBJECTION: RMRSI objects to the request as vague and overbroad in its request for RMRSI to identify any person with "knowledge or involvement" relating to Plaintiff's debt. Without waiving the objection:

- Dan Wilkerson: Mr. Wilkerson was involved in RMRSI's operations including reviewing Plaintiff's file and has knowledge of the facts and circumstances surrounding RMRSI's and Plaintiff's various communications, the amounts owed on the debt, and the status of payment on the alleged debt.

- Mike Pinti: Mr. Pinti received a phone call from Plaintiff regarding his debt and he is knowledgeable of that call.

- Tammy Mattson: Ms. Mattson is the account manager for Plaintiff's debt and is knowledgeable about the status of Plaintiff's file, including the communications sent and received, the debts owed, and the status of payment on the alleged debt.

- Mark Edwards: Mr. Edwards communicated with Plaintiff during the relevant time periods.

**INTERROGATORY NO. 7:** Identify and describe all of Defendant's policies and practices regarding credit reporting of medical debts under $500 or less than one year old, in place or effective at any time since January 16, 2021.

**ANSWER:** OBJECTION: RMRSI objects this request is irrelevant as RMRSI did not credit report in Plaintiff's case. Without waiving the objection, RMRSI's policies and procedures follow all applicable federal and state laws and guidelines including the FDCPA. RMRSI also provides repeated one on one training to all employees.

**INTERROGATORY NO. 8:** State the total revenue that Defendant earned from collection fees and interest since January 16, 2021, broken down by category (e.g., fees, interest, etc.), year, and consumer's state.

**ANSWER:** OBJECTION: RMRSI objects this request is irrelevant and seeks to harass RMRSI. Total revenue is only discoverable in special circumstances, such as to prove a party's claim. "Relevance Standard in Regard to Specific Issues" *6 Moore's Federal Practice – Civil* § 26.45, p.1. Here, no special circumstances exist to make said request relevant. Further, RMRSI earned no revenue or collection fee from Plaintiff as he paid Wyoming Health Fairs directly, not RMRSI.

**INTERROGATORY NO. 9:** State the total number of consumers broken down by state and year to whom you sent a debt collection letter that provided a Collection Letter Deadline of less than 30 days plus at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the letter was dated or sent, since November 30, 2021.

**ANSWER:** OBJECTION: RMRSI objects this request is irrelevant, overbroad, unduly burdensome, vague, and not reasonably calculated to lead to discoverable evidence. In addition, "responding to class-wide discovery before the [plaintiff has] demonstrated the requirements for class certification frequently presents an undue burden on the responding party." *Deakin v. Magellan Health, Inc.*, 340 F.R.D. 424, 432 (D.N.M. 2022) (quoting *Infinity Home*

Dated: June 18, 2025.

ROCKY MOUNTAIN RECOVERY SYSTEMS INC., Defendant

BY: _____
Daniel B. Wilkerson, Officer Rocky Mountain Recovery Systems

STATE OF WYOMING      }
                     } SS
COUNTY OF CAMPBELL   }

      Daniel B. Wilkerson, being duly sworn, deposes and says that he is a Rocky Mountain Recovery Systems Inc. Officer; that he does not have personal knowledge of all the facts recited in the foregoing Responses but the information has been gathered by and from employees or representatives of Rocky Mountain Recovery Systems Inc., that the Responses are true to the best of his belief based upon the information supplied by such employees or representatives; and that the foregoing Responses are verified by him as employees or representatives for Rocky Mountain Recovery Systems Inc. in accordance with the Federal Rules Civil Procedure.

_____

      Subscribed and sworn to before me by Daniel B. Wilkerson this 16 day of June 2025 by way of remote online notarization utilizing Zoom. Witness my hand and official seal. My commission expires: May 21, 2029.

_____
S E A L                    Notary Public

JENNIFER M. HIEB
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 157864
MY COMMISSION EXPIRES: 05/21/2029

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

– 9 –

**EXHIBIT E, Page 4 of 4**