WY Converse County Circuit Court 8th JD
Sep 29 2025 11:59AM
CV-2025-0000187
77191455

**FILED**

| | |
|---|---|
| **STATE OF WYOMING** | **COUNTY OF CONVERSE** |
| ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., A Wyoming Corporation, *Plaintiff*, -vs- L REDACTED AND M REDACTED *Defendants*, | IN THE CIRCUIT COURT EIGHTH JUDICIAL DISTRICT 1201 MESA DRIVE SUITE E PO BOX 45 DOUGLAS, WY 82633  Civil Action No. CV-2025-0187 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

#### APPLICABLE LAW AND STATUTES

1. *Birt v. Wells Fargo*, 75 P.3d 640 (Wyo. 2003) - Implied-in-fact contracts
2. *Kinnison v. Kinnison*, 627 P.2d 594 (Wyo. 1981) - Implied-in-fact contracts
3. *Trabing v. Kinko's, Inc.*, 57 P.3rd 1248 (Wyo. 2002) - Enforceability of implied-in-fact contracts
4. *Worley v. Wyoming Bottling Company, Inc.*, 1 P.3d 615 (Wyo. 2000) - Consideration
5. *McNeill Family Trust v. Centura Bank*, 60 P.3rd 1277 - Unjust Enrichment
6. Wyoming Statute § 40-14-106(e) (1977) - Legal rate of interest
7. Rule 56, W.R.C.P. - Summary Judgment.

#### ISSUES

1. Did the Defendant enter into an express or implied-in-fact contract for which the Defendant is liable under Wyoming Statute § 20-1-201?
2. Did the original party in interest Perform its obligations under the contract?
3. Did the Defendant fail to perform under the contract thereby committing a material default?
4. Was the Defendant unjustly enriched?
5. What amounts are due by the Defendant to the Plaintiff?
6. Is the Plaintiff an assignee of the debt?
7. Without prior agreement for interest charges can a party recover interest and at what rate?
8. Is there any substantial issue to any material fact?
9. Is Plaintiff entitled to judgment against Defendant as a matter of law?

## FACTS IN THIS CASE

Pursuant to the Affidavit of Robert Keeler with KEELER CHIROPRACTIC, the following facts are established:
1. The original party in interest (**"Service Provider"**) offered to render services, or sell goods, to the Defendant and the party accepted said offer.
2. The Service Provider and the Defendant's obligations to perform did not exist prior to the acceptance of the Service Provider offer.
3. The Service Provider performed all its obligations, agreed to in its offer.
4. The Service Provider rendered valuable goods or services to the Defendant that comported to industry standards.
5. The Defendant accepted, used, and enjoyed the services rendered or goods sold by the Service Provider.
6. The Defendant was reasonably notified that the Service Provider expected to be paid for the services rendered or goods sold prior to the sale or rendition of services.
7. The amount claimed herein is the fair, just, and reasonable value for services or goods.
8. The Defendant has not paid the full amount due and owing as claimed herein.

Pursuant to the Affidavit of Anna Darling with UNIV OF WYO FAMILY PRACTICE, the following facts are established:
1. The original party in interest (**"Service Provider"**) offered to render services, or sell goods, to the Defendant and the party accepted said offer.
2. The Service Provider and the Defendant's obligations to perform did not exist prior to the acceptance of the Service Provider offer.
3. The Service Provider performed all its obligations, agreed to in its offer.
4. The Service Provider rendered valuable goods or services to the Defendant that comported to industry standards.
5. The Defendant accepted, used, and enjoyed the services rendered or goods sold by the Service Provider.
6. The Defendant was reasonably notified that the Service Provider expected to be paid for the services rendered or goods sold prior to the sale or rendition of services.
7. The amount claimed herein is the fair, just, and reasonable value for services or goods.
8. The Defendant has not paid the full amount due and owing as claimed herein.

Pursuant to the Affidavit of Kim Wiese with OUTPATIENT RADIOLOGY, LLC, the following facts are established:
1. The original party in interest (**"Service Provider"**) offered to render services, or sell goods, to the Defendant and the party accepted said offer.
2. The Service Provider and the Defendant's obligations to perform did not exist prior to the acceptance of the Service Provider offer.
3. The Service Provider performed all its obligations, agreed to in its offer.
4. The Service Provider rendered valuable goods or services to the Defendant that comported to industry standards.
5. The Defendant accepted, used, and enjoyed the services rendered or goods sold by the Service Provider.
6. The Defendant was reasonably notified that the Service Provider expected to be paid for the services rendered or goods sold prior to the sale or rendition of services.
7. The amount claimed herein is the fair, just, and reasonable value for services or goods.
8. The Defendant has not paid the full amount due and owing as claimed herein.

## ANALYSIS

Plaintiff's claim is based on two separate and distinct causes of action. Under each cause of action, once general liability is established, liability upon the Defendant is created under Wyoming Statute §20-1-201 which states "[t]he necessary expenses of the family and the education of the children are chargeable upon the property of both the husband and wife, or either one of them, for which they may be sued jointly or separately."

First, Plaintiff is entitled to recovery based either on the theory of implied-in-fact contract. An implied-in-fact contract is "a true contract in which the agreement is expressed by conduct rather than by words (as is done in an express contract)." *See Kinnison v. Kinnison*. "The conduct from which the inference is drawn must be sufficient to support the conclusion that the parties expressed a mutual manifestation of intent to enter into an agreement." *See Birt v. Wells Fargo*. The court must not look at the "subjective intent of the parties", but to 'the outward manifestation of a party's assent sufficient to create reasonable reliance by the other party.'" *See id.*

Because the Defendant approached the Service Provider while the Service Provider was engaged in the course of its regular business activities and in such an environment accepted the rendition of services or sale of goods, the Defendant has clearly manifested Defendant's assent to pay money to Service Provider as consideration for the services or goods.

"A generally accepted definition of consideration is that a legal detriment has been bargained for and exchanged for a promise. ... Detriment means giving up something which immediately prior thereto promisee was privileged to keep." *See Worley v. Wyoming Bottling Company, Inc.*. Prior to the Defendant's acceptance of the offers of the Service Provider the Defendant did not have a duty to pay the money claimed herein by the Plaintiff, nor did the Service Provider have a duty to render services or deliver goods to the Defendant, and therefor the obligations incurred by the Defendant's acceptance of the offer act as consideration.

Based on the statement documenting the rendition of services or delivery of goods by the Service Provider to the Defendant, the Service Provider has performed its obligations under the implied-in-fact contract and the Defendant has failed to, or defaulted on, the Defendant's duty to pay for said services or goods.

Plaintiff's second cause of action is based on a contract implied in law or Unjust Enrichment. To recover under the theory of unjust enrichment the Plaintiff must establish that "valuable services were rendered, or materials furnished ... to the party to be charged ... which services or materials were accepted, used and enjoyed by the party ... under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged." *See McNeill Family Trust v. Centura Bank*. The values of the services have been established by the statement attached to the Affidavit. Further established thereby, is that the services were rendered to and accepted by the Defendant. The rendition of services or delivery of goods occurred while the Service Provider was engaged in its regular business activities and therefore the Defendant should have known that the Service Provider expected to be compensated for its services.

The claims by the Service Provider have been assigned to Plaintiff and therefore all amounts due are due to the Plaintiff under the above-mentioned theories of law.

The Wyoming Courts have decided that a motion for summary judgment is appropriate if there exists no genuine issue of material facts. (*Cinker, Inc. -v- Northern Gas Company, Inc.* 578 Fed. Supp. 112, D.C., Wyo. 1983; *Reno Livestock Corp. -v- SUNOCO* 638 P.2d 147 (Wyo. 1981). There are no material facts at issue in this case.

Plaintiff is therefore entitled to judgment against Defendant as a matter of law for the full amount prayed for by Plaintiff in Plaintiff's Motion for Summary Judgment.

## CONCLUSIONS

1. A summary judgment is appropriate in this case, because there are no substantial issues of material facts at issue in this case.

2. The Defendant owes the amount as claimed by the Plaintiff under the theories of implied-in-fact contract and unjust enrichment.

DATED this 29 day of September 2025.

Daniel B. Wilkerson Bar #: 7-6415
Bret T. Allred Bar #: 6-3835 of counsel for
**WILKERSON & WILKERSON LLC**
*Attorneys for Plaintiff*
Po Box 688, Powell, Wyoming 82431
Telephone: 307-754-8215
Email: ww@rsiwy.com

**Notice to Debtor(s)**: *Rocky Mountain Recovery Systems Inc is a debt collector and any information received will be used to collect a debt.*